48 F.3d 1225
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Henry GARCIA, Defendant-Appellant.
 No. 94-3174.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Feb. 14, 1995.
Filed: Feb. 23, 1995.
 
 Before FAGG, MAGILL, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Henry Garcia appeals his conviction for conspiring to distribute cocaine and marijuana in violation of 18 U.S.C. Secs. 841 and 846. On appeal, Garcia argues that the district court[1] erred in instructing the jury that "[t]he term distribute or dispense means to deliver a controlled substance.... The distribution does not need to involve a transfer for money. A transfer of a controlled substance for social reasons without charge is also prohibited by law."
 
 
 2
 This instruction is a correct statement of the law. See United States v. Baswell, 792 F.2d 755, 760 n.7 (8th Cir. 1986). Garcia nonetheless argues that the instruction unfairly stripped away his defense to the government's conspiracy charge in this case. The key government witnesses were Garcia's alleged conspirators. They testified that Garcia, a Colorado resident, sold them marijuana and cocaine, both in Denver and in Rapid City, South Dakota. Garcia testified in his own defense. He admitted that he knew the government witnesses and had shared marijuana joints and lines of cocaine with them on social occasions, but he denied selling them these drugs or participating with them in a conspiracy to distribute. Garcia argues that, but for the challenged instruction, if the jury had believed his testimony he would have been eligible for the reduced penalties prescribed for simple possession of cocaine in 21 U.S.C. Sec. 844, and for "distributing a small amount of marijuana for no remuneration" in 21 U.S.C. Sec. 841(b)(1)(D)(4).
 
 
 3
 We have serious doubt whether Garcia properly preserved this issue simply by objecting to an instruction that correctly defined the term "distribute" for purposes of the federal drug laws. We are inclined to think the real issue here is whether the district court committed plain error by not also giving some sort of lesser- included offense instruction. That instruction was not requested; more significantly, it was not warranted by the facts. Garcia testified that he shared cocaine as well as marijuana with his friends on social occasions. Since distribution of cocaine is not eligible for the reduced penalties of 21 U.S.C. Sec. 844, any lesser- included offense theory of the defense was stripped away by Garcia's own testimony, not by the district court's instructions.
 
 
 4
 The judgment of the district court is affirmed.
 
 
 
 [1]
 The HONORABLE RICHARD H. BATTEY, Chief Judge of the United States District Court for the District of South Dakota